MAURICE D. PESSAH (SBN: 275955)
maurice@pessahgroup.com
MICHAEL MORRIS-NUSSBAUM (SBN: 317146)
mmnussbaum@pessahgroup.com
SUMMER E. BENSON (SBN: 326398)
sbenson@pessahgroup.com
**PESSAH LAW GROUP, PC**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Tel. (310) 772-2261

STUART CHELIN (SBN: 320357)
stuart@chelinlaw.com
**CHELIN LAW FIRM**
1801 Century Park East, Suite 2500
Los Angeles, CA 90076
Tel. (310) 556-9664

*Attorneys for Plaintiffs and the Putative Class*
JOSH GOSSETT and JAMES LAPLANT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSH GOSSETT and JAMES LAPLANT, each individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company; ROBINHOOD SECURITIES, LLC, a Delaware limited liability company; ROBINHOOD MARKETS, INC., a Delaware Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>[DEMAND FOR JURY TRIAL] |

1

Plaintiffs JOSH GOSSETT and JAMES LEPLANT ("Plaintiffs") bring this class action complaint against Defendants, ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company; ROBINHOOD SECURITIES, LLC, a Delaware limited liability company; ROBINHOOD MARKETS, INC., a Delaware Corporation (collectively referred to herein as "Defendants" or "Robinhood"); and DOES 1-100, inclusive, based on the following allegations:

## NATURE OF THE ACTION

1. Robinhood, famous as the champion of the small retail investor, is a multi-billion-dollar online brokerage which prides and markets itself on "democratizing finance for all." In a March 23, 2016 tweet, the company asserted what one would expect from the self-professed "Robin Hood" of retail trading: "Let the people trade." Robinhood's *raison d'etre* was to bring the advantages of market participation to millions of average, non-institutional investors. As a broker, Robinhood owed its clients fiduciary duties. These included the duty of loyalty, good faith, to act reasonably and to avoid choosing competing interests over that of its clients. That is what Robinhood's clients expected and that is what they deserved. To be treated with the same good faith as institutional market players. Robinhood provided the platform. The clients would pick the market's winners and losers. However, on or about January 27, 2021, **Robinhood switched sides**.

2. Indeed, the Company plunged into infamy when it deliberately, willfully and knowingly breached its duties to its own clients in favor of its own interest and the interest of others. Acting against a large and defenseless portion of its customers, Robinhood wantonly brought the ability of millions of its clients to freely trade various securities on its platform to a screeching and unceremonious halt. Upon information and belief, Robinhood's actions immediately erased hundreds of millions of dollars in client gains (and potential gains) and prevented clients from mitigating significant losses. Robinhood acted contrary to the interests of its clients and anointed itself as the overlord of the free market, opting to damage its clients in favor of its

1 | own financial interests and the interests of other market participants, many of whom
2 | had interests directly adverse to Robinhood's clients.
3 |      3.    Indeed, Robinhood deliberately, willfully and knowingly disabled the
4 | "buy" function for any of its users who attempted to trade the following securities:
5 | Gamestop ("GME"), AMC Entertainment Holdings, Inc ("AMC") and BlackBerry
6 | Ltd ("BB"), among other stocks. Collectively, GME, AMC, BB shall be referred to
7 | as, the "Securities." Such action is completely diametrical to Robinhood's advertised
8 | selling point of "democratizing finance" for all. The effect of Robinhood's actions
9 | were intentionally designed to benefit, and actually benefitted, large, corporate
10 | financial interests that bet against, or shorted, the Securities. The presumptive
11 | constituents of Robinhood's "democracy," the Company's alleged "target market" of
12 | average "Jack and Jill" traders, were sacrificed in favor of large institutions and
13 | market players, and Robinhood's own's self-interest.
14 |      4.    A significant number of retail investors who relied on Robinhood to be
15 | their champion, and who chose Robinhood's platform to invest their money, were
16 | told that "ongoing volatility" was the reason for the sudden suspension of certain
17 | basic and crucial account trading functions.




3

5.     Robinhood's CEO, Vladimir Tenev, rushed to hold a damage control interview on CNBC, during which he averred that Robinhood's sudden trading restrictions were "pre-emptive." What exactly Robinhood was attempting to "pre-empt" is yet to be determined and was not explained by Mr. Tenev, but what is clear is the massive amounts of damage incurred by Robinhood customers who were left in the dark about why their ability to trade in their chosen investments had been "pre-emptively" suspended without warning.

## PARTIES

6.     At all times herein mentioned, Plaintiff JOSH GOSSETT was and is an individual residing in Los Angeles, California.

7.     At all times herein mentioned, Plaintiff JAMES LAPLANT was and is an individual residing in San Francisco, California.

8.     Plaintiffs are informed and believe, and based thereon allege, that Defendant ROBINHOOD FINANCIAL, LLC, is, and at all times herein mentioned was, a Delaware limited liability company, with its principal place of business located at 85 Willow Road, Menlo Park, California 94025.

9.     Plaintiffs are informed and believe, and based thereon allege, that Defendant ROBINHOOD SECURITIES, LLC, is, and at all times herein mentioned was, a Delaware limited liability company, with its principal place of business located at 500 Colonial Center Parkway, Suite 100, Lake Mary, Florida 32746.

10.    Plaintiffs are informed and believe, and based thereon allege, that Defendant ROBINHOOD MARKETS, INC., is, and at all times herein mentioned was, a Delaware corporation, with its principal place of business located at 85 Willow Road, Menlo Park, California 94025.

11.    Defendants Does 1 through 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and

believe, and based thereon allege, that each of the fictitiously named defendants is the agent, servant, employee, representative, partner, and/or joint venturer of their co-defendants, and so ratifies all of their acts and conduct. Therefore, each Doe Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiffs' damages as herein alleged were proximately caused by said Defendants.

12.   At all relevant times, each Defendant was the agent of the other Defendants and was at all times acting within the purpose and scope of such agency. Moreover, in committing the acts and omissions asserted herein, Defendants, and each of them, were acting in concert together, in the course and scope of their respective relationship with each other, whether as employees, agents, representatives, independent contractors, providers, service providers, as agents or representatives of each other, respectively, or as joint venturers, co-conspirators or otherwise.

## JURISDICTION

13.   This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). The aggregate claims of all members of the proposed Class and are in excess of $5,000,000, exclusive of interest and costs, and there are more than one hundred (100) putative class members. Further, several members of the putative class are citizens of a state different from Defendants.

## VENUE

14.   Venue is proper pursuant to 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and Plaintiffs' cause of action arose in this district.

## CLASS ACTION ALLEGATIONS

15.   Plaintiffs bring claims pursuant to Federal Rule of Civil Procedure 23 on behalf of the Class, including, or in the alternative, all subclasses, as follows:

(a) **All Robinhood customers within the United States who, due to Robinhood's willful, knowing and purposeful**

        **disabling of any part of the functionality of their accounts, were unable to execute trades on AMC.**

    **(b)**    **All Robinhood customers within the California who, due to Robinhood's willful, knowing and purposeful disabling of any part of the functionality of their accounts, were unable to execute trades on GME.**

    **(c)**    **All Robinhood customers within the United States who, due to Robinhood's willful, knowing and purposeful disabling of any part of the functionality of their accounts, were unable to execute trades on BB.**

16.    Explicitly excluded from the Class are: (i) Robinhood entities and their current officers, agents and employees; (ii) counsel for either party; and (iii) the Court and its personnel presiding over this action.

17.    **Numerosity/Impracticability of Joinder**: The precise number of members of the proposed Class is unknown to Plaintiffs at this time. However, Plaintiffs are informed and believe, and based thereon allege, that the members of the Class are so numerous that joinder of all members would be impractical and unfeasible. Plaintiffs are informed and believe, and based thereon allege, that there are hundreds of thousands of persons (if not more) within the Class. All members may be notified of the pendency of this action by reference to Defendants' records, or via alternative means.

18.    **Commonality and Predominance**: There are questions of law and fact that are common to the claims of Plaintiffs and members of the proposed Class. These common questions of law and fact exist as to all Class members and predominate any questions affecting only individual members. Common questions of law and fact, include, but are not limited to, the following:

(a) Whether Defendants breached their agreement with Named Plaintiffs and the Class to permit trading of the Securities on the Defendants' platform;

(b) Whether Defendants' conduct unfairly divested Named Plaintiffs and the Class of the benefit of their agreement with the Defendants;

(c) Whether Defendants breached their duty to Named Plaintiffs and the Class to diligently execute or permit reasonable trading requests;

(d) Whether Defendants failed to meet their duty of care when they wantonly, and without justification or notice, disabled certain trading privileges of the Named Plaintiffs and the Class;

(e) Whether Defendants intentionally, and without justification or notice, restricted certain abilities of Named Plaintiffs and the Class to freely participate in the trading of the Securities, thereby causing Named Plaintiffs and the Class to suffer damages;

(f) Whether Defendants violated Financial Industry Regulator Authority Rule, 5310;

(g) Whether Defendants breached their fiduciary duties to Named Plaintiffs and the Class;

(h) Whether Defendants engaged in unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200;

(i) foregoing;

(j) Whether Named Plaintiffs and the Class were injured as a result of Defendants' conduct.

19. **Typicality**: Plaintiffs' claims are typical of the claims of the members of the proposed Class. All members of the proposed Class have been injured by Defendants' unlawful conduct. Plaintiffs' claims arise from the same practices and course of conduct giving rise to the claims of the members of the proposed Class. Plaintiffs will fairly and adequately represent the interest of the proposed Class because Plaintiffs are members of the proposed Class and do not have an interest that is contrary to or in conflict with those members. There is a well-defined community of interest in the questions of law and fact affecting the class of persons

that Plaintiffs represent as a whole. Plaintiffs were unable to trade the Securities as a result of Defendants' unlawful conduct and sustained damages as a result.

20. **Superiority**: A class action is superior to any other form of action for the fair and efficient adjudication of this lawsuit. Individual consumers such as Plaintiffs have a difficult time prosecuting an individual action against large corporations like Defendants. Even if any class member could afford individual litigation against Defendants, it would be unduly burdensome to the court system. Individual litigation of such numerous claims magnifies the delay and expense to all parties and the court system. By contrast, a class action presents far fewer management obstacles and affords the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. A class action will promote judicial economy and parity among the claims of the individual class members, as well as judicial consistency. Notice of the pendency and any resolution of this action can be efficiently provided to class members by mail, print, broadcast, internet, and/or multimedia publication. Requiring each class member to both establish individual liability and pursue an individual remedy would discourage the assertion of lawful claims by customers who would be disinclined to pursue an action against a corporate defendant like Robinhood. Proof of a common business practice or factual pattern, of which the Plaintiffs experienced, is representative of the proposed Class and will establish the right of each of the members of the proposed Class to relief on the claims alleged herein.

21. Prosecution of separate actions by individual members of the proposed Class would create a substantial risk of inconsistent or varying adjudications, which may produce incompatible standards of conduct for Defendants. Prosecution of separate actions by individual members of the proposed Class would create a risk of adjudications with respect to individual members which may, as a practical matter, be dispositive of the interest of other members not parties to the adjudication or

substantially impair or impede their ability to protect their interest. Further, the individual claims are not sufficiently large to warrant vigorous individual prosecution given the concomitant costs and expenses attending thereto. This class action presents no material difficulties in management.

22. **Adequacy of Representation**: Plaintiffs are representatives who will fully and adequately assert and protect the interest of the Class and have retained competent counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiffs nor their attorneys have any interests contrary to or in conflict with the Class.

23. Plaintiffs request permission to amend the complaint to include other individuals as class representatives in the event any named Plaintiff is deemed an inadequate representative of the Class. Plaintiffs further request permission to amend the Complaint to revise the Class definition as appropriate following discovery.

## GENERAL ALLEGATIONS

24. Robinhood is a multi-billion-dollar online brokerage firm offering services to the general public via its mobile application and website.

*Allegations Relating to Plaintiff James LaPlant*

25. On the morning of January 28, 2021, Mr. LaPlant, a Robinhood client, attempted to purchase stock in GME, AMC, and BB through the Robinhood app. However, Mr. LaPlant, though no fault of his own, was prohibited from doing so by Defendants. LaPlant already owned existing shares in the Securities.

26. Each time Mr. LaPlant attempted to purchase the above-referenced stocks, he received a notification from Robinhood stating, "You can close out your position in this stock, but you cannot purchase additional shares." Mr. LaPlant, who was not given any notice or warning, was effectively divested of certain critical trading functions typically available on his Robinhood trading account.

27. Thus, Mr. LaPlant, lost out on earning opportunities in GME, AMC, and BB, was damaged in the Securities that he held and/or prevented from mitigating

losses in the Securities.

*Allegations Relating to Plaintiff Josh Gossett*

28. On the morning of January 28, 2021, Mr. Gossett opened his Robinhood app to place an order for GME and AMC, two stocks in which he already owned shares. However, Mr. Gossett found that the app prevented him from purchasing additional stock in these companies. Mr. Gossett, like Mr. LaPlant, received a notification that he could only "close [his] position in this stock[.]"

29. Thus, Mr. Gossett was divested of the ability to trade on the AMC and GME, and lost out on earning opportunities in GME and AMC. Thus, Mr. Gossett, lost out on earning opportunities in GME, AMC, was damaged in the positions he held and/or was prevented from mitigating losses in the said positions.

### FIRST CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING
### (Against All Defendants; and DOES 1-100)

30. Plaintiffs hereby incorporate by reference Paragraphs 1 through 29 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

31. Plaintiffs and Defendants entered into a contract pursuant to which Defendants agreed to provide brokerage services (the "Agreement").

32. Every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

33. Defendants materially breached the covenant of good faith and fair dealing implied in the Agreement as a matter of law by, among other things, failing to provide notice that certain critical account functions of Plaintiffs would be suspended, actually and in fact suspending such account functions, and knowingly undertaking

certain acts that undermined Plaintiffs' rights under the Agreement and their interests in the Securities.

34. Plaintiffs expected that Defendants would use their best efforts to take actions in support of and to fulfill the terms of the Agreement. The actions of Defendants as hereinbefore described, are in violation of the implied covenant of good faith and fair dealing and have caused Plaintiffs to suffer damages in an amount to be determined at trial.

35. As a direct and proximate result of the foregoing breach, Plaintiffs have been materially prejudiced and has sustained damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
### (Against All Defendants; and DOES 1-100)

36. Plaintiffs hereby incorporate by reference Paragraphs 1 through 35 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

37. Defendants had a duty to exercise reasonable care in conducting and facilitating transactions on behalf of its clients. Defendants had a duty to exercise reasonable care to facilitate, or otherwise permit, Plaintiffs to trade freely from their Robinhood accounts. Defendants had a duty to exercise reasonable care to refrain from taking steps which caused injury to the Plaintiffs in their trading activities and market positions.

38. Defendants breached their duties to exercise reasonable care as described hereinabove.

39. Plaintiffs were harmed as a result.

40. As result and proximate cause of Defendants' negligence Plaintiffs suffered damages.

### THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
**(Against All Defendants; and DOES 1-100)**

41. Plaintiffs hereby incorporate by reference Paragraphs 1 through 40 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

42. Plaintiffs allege that at all times herein mentioned, Defendants owed fiduciary duties including, without limitation, the duties of loyalty, care, good faith, to act reasonably and to avoid choosing competing interests over that of its clients. Plaintiffs further alleges that Defendants breached their fiduciary duties to Plaintiffs by participating in and facilitating improper and unlawful actions, or omissions as alleged hereinabove.

43. At all times relevant herein mentioned, Defendants failed to act loyally, in good faith, in the best interests of Plaintiffs, and with such care as an ordinarily prudent person in a like position would use under similar circumstances.

44. Plaintiffs were harmed as a result.

45. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

### FOURTH CAUSE OF ACTION
### UNLAWFUL BUSINESS PRACTICES
**(CAL. BUS. & PROF. CODE § 17200, *et seq*.)**
**(Against All Defendants; and DOES 1-100)**

46. Plaintiffs hereby incorporate by reference Paragraphs 1 through 45 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

47. By the conduct described hereinabove, Defendants have engaged in an unfair business act or practice in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

48. Plaintiffs are informed and believe, and based thereon allege, that the Defendants actions as pleaded herein constitute unfair and unlawful business practices, and, as a result thereof, caused damages to Plaintiffs. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages, in an amount according to proof;
2. For consequential damages, in an amount according to proof;
3. For restitution of all wrongfully acquired amounts and disgorgement of all ill-gotten profits, in an amount according to proof;
4. For all statutory penalties authorized by law;
5. For punitive and/or exemplary damages in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;
6. For Plaintiffs' reasonable attorneys' fees and costs pursuant to all applicable provisions of law;
7. For all costs of suit incurred herein;
8. For prejudgment and post judgment interest at the maximum legal rate; and
9. For such other relief as the Court may deem proper.

Dated: January 28, 2021  **PESSAH LAW GROUP, PC**

By: /s/ Maurice D. Pessah
    Maurice D. Pessah
    Michael Morris-Nussbaum
    Summer E. Benson
    Attorneys for Plaintiffs
    and the Class

**CHELIN LAW FIRM**


By: <u>*/s/ Stuart N. Chelin*</u>
    Stuart Chelin
    Attorneys for Plaintiffs
    and the Class

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: January 29, 2021          **PESSAH LAW GROUP, PC**

By: */s/ Maurice D. Pessah*
    Maurice D. Pessah
    Michael Morris-Nussbaum
    Summer E. Benson
    Stuart Chelin
    Attorneys for Plaintiffs
    JOSH GOSSETT and
    JAMES LAPLANT